IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 03-2168 Ma V |
| McKESSON CORPORATION, ) ) ) | |
| Defendant. ) | |

## CONSENT DECREE

This lawsuit was filed August 29, 2003, by the Equal Employment Opportunity Commission ( hereinafter referred to as "the Commission") against McKesson Corporation (McKesson) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. (Title VII). The Complaint in this lawsuit claims that McKesson subjected La Shonda Hardy and La Kesha Johnson to sexual harassment and retaliatory harassment by a male co-worker, and ended Ms. Hardy's and Ms. Johnson's assignments in retaliation for their opposition to practices made unlawful by Title VII.

The Commission and McKesson have agreed to this Consent Decree to settle all of the claims involved in this lawsuit.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations, and hereby approves this Decree. **THEREFORE**, it is hereby **ORDERED**:

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-15-04



## I. JURISDICTION

The United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and subject matter of this lawsuit, and will retain jurisdiction over this Decree for purposes of enforcement and dispute resolution. Thirteen months after the date this Decree is entered by the Court, this lawsuit will be dismissed with prejudice.

## II. DISCLAIMER

Neither the negotiation of or agreement to this Decree is an admission or acknowledgment by McKesson that any of its employees, officers, directors, or agents have violated Title VII.

## III. DURATION OF DECREE

This Decree will be binding on the parties to this lawsuit for one year after the date of its entry by the Court.

## IV. AGREEMENT NOT TO DISCRIMINATE

McKesson, its supervisors, managers, officers, directors, agents, and successors at McKesson's Regional Distribution Center, Building B, located at 5960 East Shelby Drive in Memphis, Tennessee (hereafter "the Facility"), agrees that it will not sexually harass employees or discriminate against employees because they have opposed or complained about employment practices made unlawful by Title VII, or because they have filed a charge under Title VII.

## V. INDIVIDUAL REMEDIES

McKesson will pay La Shonda Hardy $5,000.00 in back pay and $25,000.00 in compensatory damages, and will pay Lakesha Johnson $5,000.00 in back pay and $25,000.00 in compensatory damages. The payments will be made within twenty days after receipt of a copy this Decree entered by the Court. The payments will be made by mailing checks to Ms. Hardy at 5767 French Market Circle, Memphis, TN 38141, and to Ms. Johnson at 3462 Kimball Ave., Memphis, TN 38111. A copy of the checks will be mailed at the same time to:

> Carson L. Owen, Senior Trial Attorney
> Equal Employment Opportunity Commission
> 1407 Union Ave., Suite 621
> Memphis, TN 38104.

## VI. TRAINING

Within 120 days after receiving a copy of this Decree entered by the Court, McKesson will provide training for each person who is performing work at the Facility concerning the responsibility of all employees not to harass other employees and to report promptly any harassment which occurs. This training will also address the responsibility of supervisors and managers to deal quickly, effectively, and fairly with any harassment found to have occurred, and not to retaliate against employees for complaining about unlawful harassment or filing charges with the Commission. Within twenty days after the completion of this training, McKesson will submit a report to Carson Owen, at the address indicated above, confirming that this training has occurred.

## VII. POLICY PROHIBITING HARASSMENT

The policy prohibiting harassment which is attached to this Decree will be complied with by McKesson. Within thirty days after receiving a copy of this Decree entered by the Court, each person who is performing work at the Facility will be required to read and sign a copy of this policy, and will be given a copy of the policy. Within twenty days after this requirement has been complied with, McKesson will submit a report to Carson Owen, at the address indicated above, confirming that this requirement has been complied with. Thereafter, whenever a new person begins performing work at the Facility, he or she will be required to read and sign a copy of this policy, and will be given a copy of the policy.

## VIII. REPORTING

McKesson will submit a report to Carson L. Owen, at the address indicated above, six months after the entry of this Decree, and six months thereafter. Each report will describe all complaints received from persons working at the Facility concerning sexual harassment, including the name, home address, and home telephone number of each person who complained, the nature of the complaint, what action, if any, was taken in response to the complaint, and if no action was taken an explanation of why no action was taken.

## IX. POSTING OF NOTICE

Within ten days after receiving a copy of this Decree entered by the Court, McKesson will post the notice attached to this Decree for fourteen days in a conspicuous place at the Facility where notices to employees are customarily posted. Within fifty days after receiving a copy of this Decree entered by the Court, McKesson will send a letter to

4

Carson Owen, at the address indicated above, verifying that this requirement has been complied with.

## X. ATTORNEY'S FEES AND COSTS

The Commission and McKesson will each bear their own attorney's fees and costs incurred in this lawsuit.

**SO ORDERED** this 14th day of September, 2004.

**SAMUEL H. MAYS, JR.**
**UNITED STATES DISTRICT JUDGE**

(Concluded on next page.)

Consented to on behalf of the respective parties:

| FOR PLAINTIFF EEOC: | FOR DEFENDANT: |

**FOR PLAINTIFF EEOC:**

**ERIC S. DREIBAND**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*(signature)*
**KATHARINE W. KORES**
Regional Attorney
Tennessee Bar No. 006283

*(signature)*
**FAYE WILLIAMS**
Supervisory Trial Attorney
Tennessee Bar No. 011730

*(signature)*
**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 621
Memphis, Tennessee 38104
Telephone No. (901) 544-0133
Fax No. (901) 544-0111

**FOR DEFENDANT:**

*(signature)*
**PAUL C. JULIAN**
Executive Vice President
**McKESSON CORPORATION**

*(signature)*
**TIMOTHY M. THREADGILL**

**BUTLER, SNOW, O'MARA STEVENS & CANNADA, PLLC**
P.O. Box 22567
Jackson, MS 39225-2567
(601) 985-4594 (phone)
(601) 985-4500 (fax)

6

**Harassment Policy**
As part of our commitment to integrity, respect and accountability, the Company is committed to providing a work environment that is free of unlawful discrimination and harassment. The Company strictly prohibits harassment of any kind, including harassment on the basis of race, color, gender, age, sexual orientation, personal appearance, religion, creed, national origin or ancestry, citizenship, physical or mental disability, pregnancy, childbirth or related medical conditions, other medical conditions, genetic tests or characteristics, veteran or military status, marital or familial status, political affiliation, or any other characteristic protected by law. This policy applies to all employees, supervisors, management, vendors, clients, and customers of the Company.

**Common Forms Of Harassment**
Harassment may take many forms, but the most common forms include:
a) Verbal conduct such as epithets, derogatory jokes or comments, slurs or unwanted sexual advances, invitations or comments;
b) Visual conduct such as derogatory and/or sexually-oriented posters, e-mails, web sites, photography, cartoons, drawings or gestures;
c) Physical conduct such as assault, unwanted touching, blocking normal movement or interfering with another person because of sex, race or any other protected basis;
d) Retaliation for having reported or threatened to report harassment, or for opposing unlawful harassment, or for participating in an investigation.

**Recognizing Sexual Harassment**
Sexual harassment in any form is strictly prohibited. How can you recognize sexual harassment? Sexual harassment occurs when submission to or rejection of unwelcome sexual conduct is used as a basis for employment decisions, or when submission to sexual harassment is a condition for receiving employment benefits, promotions, raises, etc. Sexual harassment also occurs when unwelcome sexual conduct unreasonably interferes with job performance or creates an intimidating, hostile or offensive working environment, even if it does not lead to tangible or economic job consequences. Sexual harassment includes the harassment of women by men, men by women, women by women, and men by men.

**Reporting Sexual Harassment**
If you feel you are being harassed, it's important to speak up to your harasser and to report to the Company. If you believe that you are being harassed, or if you have witnessed harassment, you should immediately report the facts of the incident to your manager, any member of management, or to the Human Resources department. The Company will conduct a thorough and objective investigation of the incident or incidents, making an effort to keep the matter as confidential as possible. All employees have a duty to cooperate in the Company's investigation of alleged harassment. If it is determined that harassment has occurred, the harasser will be subject to disciplinary action up to and including termination consistent with the severity of the conduct. The Company will take steps as necessary to prevent further harassment. In addition, failing to cooperate, providing false information, or making false charges during an investigation shall be grounds for disciplinary action, up to and including termination of employment. The Company will not retaliate against an employee who files a complaint and will not tolerate retaliation by management, employees, or co-workers.

## NOTICE

This Notice is being posted as part of a settlement agreement between McKesson Corporation (McKesson) and the United States Equal Employment Opportunity Commission (EEOC).

McKesson's harassment policy provides that:

**Harassment Policy**
As part of our commitment to integrity, respect and accountability, the Company is committed to providing a work environment that is free of unlawful discrimination and harassment. The Company strictly prohibits harassment of any kind, including harassment on the basis of race, color, gender, age, sexual orientation, personal appearance, religion, creed, national origin or ancestry, citizenship, physical or mental disability, pregnancy, childbirth or related medical conditions, other medical conditions, genetic tests or characteristics, veteran or military status, marital or familial status, political affiliation, or any other characteristic protected by law. This policy applies to all employees, supervisors, management, vendors, clients, and customers of the Company.

**Common Forms Of Harassment**
Harassment may take many forms, but the most common forms include:
a) Verbal conduct such as epithets, derogatory jokes or comments, slurs or unwanted sexual advances, invitations or comments;
b) Visual conduct such as derogatory and/or sexually-oriented posters, e-mails, web sites, photography, cartoons, drawings or gestures;
c) Physical conduct such as assault, unwanted touching, blocking normal movement or interfering with another person because of sex, race or any other protected basis;
d) Retaliation for having reported or threatened to report harassment, or for opposing unlawful harassment, or for participating in an investigation.

**Recognizing Sexual Harassment**
Sexual harassment in any form is strictly prohibited. How can you recognize sexual harassment? Sexual harassment occurs when submission to or rejection of unwelcome sexual conduct is used as a basis for employment decisions, or when submission to sexual harassment is a condition for receiving employment benefits, promotions, raises, etc. Sexual harassment also occurs when unwelcome sexual conduct unreasonably interferes with job performance or creates an intimidating, hostile or offensive working environment, even if it does not lead to tangible or economic job consequences. Sexual harassment includes the harassment of women by men, men by women, women by women, and men by men.

**Reporting Sexual Harassment**
If you feel you are being harassed, it's important to speak up to your harasser and to report to the Company. If you believe that you are being harassed, or if you have witnessed harassment, you should immediately report the facts of the incident to your manager, any member of management, or to the Human Resources department. The Company will conduct a thorough and objective investigation of the incident or incidents, making an effort to keep the matter as confidential as possible. All employees have a duty to cooperate in the Company's investigation of alleged harassment. If it is determined that harassment has occurred, the harasser will be subject to disciplinary action up to and including termination consistent with the severity of the conduct. The Company will take steps as necessary to prevent further harassment. In addition, failing to cooperate, providing false information, or making false charges during an investigation shall be grounds for disciplinary action, up to and including termination of employment. The Company will not retaliate against an employee who files a complaint and will not tolerate retaliation by management, employees, or co-workers.

The role of the EEOC is to enforce Title VI of the Civil Rights Act of 1964 (Title VII), which prohibits employment discrimination based on race, color, religion, sex, or national origin; the Age Discrimination in Employment Act; the Equal Pay Act; sections of the Civil Rights Act of 1991; and Title I of the Americans With Disabilities Act, which prohibits discrimination against people with disabilities.

It is important that all of you understand that we will not tolerate harassment of any person working at this facility.  Every person working here is responsible for reporting any harassment they see or hear, and we will quickly and effectively deal with any harassment that occurs.

_____
Paul C. Julian, Executive Vice President
McKesson Corporation

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:03-CV-02168 was distributed by fax, mail, or direct printing on September 15, 2004 to the parties listed.

Frank M. Holbrook
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Faye A. Williams
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Timothy M. Threadgill
BUTLER SNOW O'MARA STEVENS & CANNADA
P.O. Box 22567
Jackson, MS 39225--256

Carson L. Owen
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Katharine W. Kores
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Honorable Samuel Mays
US DISTRICT COURT